HAMITER, Justice
(dissenting).
Continuously since the first argument of these cases here, on defendants’ pleas to the jurisdiction of the district court, I have entertained the view that Section 3 of Act. 192 of 1920, as last amended by Act 120 of 1940, authorizes the filing of the contemplated abatement suit only in a district court having jurisdiction thereof. And my reasons for this view coincide with those set forth clearly and accurately in the principal opinion, to which I subscribed unqualifiedly, written by the former Chief Justice' in support of the decree overruling the mentioned jurisdictional pleas, 214 La. 791,. 38 So.2d 783.
If my interpretation be correct, and I maintain that it is, Section 3 of the statute, as amended, contravenes no provision of the State or Federal Constitution and,, therefore, it is not unconstitutional.
I respectfully dissent.
HAWTHORNE, Justice
(dissenting).
I am of the opinion that the defendants in these cases have no right to plead the unconstitutionality of Act 192 of 1920, as. amended, for the reasons set forth in the opinion of this court rendered on November 8, 1548, and written by Chief Justice Charles A. O’Niell when these cases were before, this court for the first time. See Tanner et al. v. Beverly Country Club, Inc., et al. (Ellzey et al. v. Original Club Forest, Inc., et al.), 214 La. 791, 38 So.2d 783, 784.
The identical issues are presented by this appeal as were presented by the former appeal. On that occasion a plea to *1075 the jurisdiction filed by the defendants was based on the contention that the statute was unconstitutional for certain specified reasons, and this contention was decided adversely to them. They are now before this court urging an exception of no cause or right of action based upon the same contention, as disclosed by the following extract from that opinion:
“In each case the defendants filed a plea to the jurisdiction of the court ratione materiae. The plea was founded upon the omission from section 3 of the Act of 1920, originally and as amended by the act of 1940, Act No. 120 of 1940, of the words which were inserted in section 3 of the act of 1938, Act No. 49 of 1938, ‘having jurisdiction thereof’. It was contended in the plea to the jurisdiction of the court that section 3 of the statute therefore violated the due process clause in the 14th Amendment of the Constitution of the United States .and in section 2 of article 1 of the Constitution of Louisiana, and violated also the provisions in article 7 of the Constitution of Louisiana, dividing the state into a given number (originally twenty-six now twenty-eight) judicial districts, and defining the territorial jurisdiction of the district judge or judges in each judicial district.” (Italics mine.)
On that appeal defendants contended that the statute was unconstitutional because it conferred upon the plaintiff in an abatement suit of this nature the right to select the court in which he would institute his suit. In that opinion it was said that the defendants had no right to plead that the statute was unconstitutional for this reason, because the statute did not purport to give the plaintiff in an abatement suit of this kind the right to select the district court in which he would institute his suit, and, further, because the present suits were brought in the parish in which all of the defendants had their domiciles and in which the alleged gambling houses were located, that is, the Parish of Jefferson.
At the time that opinion was written, I considered these two reasons sound and valid, and nothing has been presented or offered which would warrant what is, in effect, a reversal of this court’s first decision. I therefore think the judgment of . the lower court sustaining the defendants’ exception of no cause or right of action should be reversed, and the cases remanded to the district court for trial.
McCALEB, Justice,
(dissenting in part).
Insofar as I am concerned, the question of the unconstitutionality of Act 192 of 1920, as amended, on jurisdictional grounds has been foreclosed by my concurring opinion in these cases when they were previously brought before us for adjudication. See 214 La. 806, 38 So.2d 788. That opinion,' to which I adhere, sets forth and discusses in detail the identical issues which are here presented again and it would serve no use *1077 ful purpose to reinscribe the reasons for my conclusion that the statute, in providing that suits to abate a gambling nuisance may be filed in any district court of the State, is not inimical to any express or implied constitutional restraint upon legislative power.
However, in view of the change of conviction of some of the members of the court who participated in the former appeals, a brief comment is, perhaps, appropriate.
Consistent with the views heretofore expressed, I am, of course, in complete agreement with the majority that the statute exhibits an unmistakable legislative intention to vest venue to abate a gambling nuisance in all district courts of the State, irrespective of the residence of the defendant or the parish in which the nuisance is maintained. The majority opinion analyzes the Act, including its various provisions and amendments, and demonstrates most conclusively, in my view, this legislative design.
On the other hand, the ruling that the statute is unconstitutional, because it attempts to extend the territorial limits of the district courts by authorizing suits to abate a gambling nuisance to be filed in a district court other than that of the residence of the defendant or the place where the nuisance is conducted, is not very convincing. The idea of unconstitutionality seems to stem from a belief that, if a judge of one district attempts to enjoin a defendant from committing a nuisance in another district, he thereby encroaches upon the territorial jurisdiction of the adjoining district and,, thus, inferentially violates the territorial limits of that district as fixed by Section 31 of Article 7 of the Constitution. This reasoning is fallacious, in my estimation, and I find nothing in the authorities cited by the majority to sustain it.
Initially, the notion that the exercise of jurisdiction by a court of one district in enjoining a gambling nuisance located in another district effects an extension of the territorial jurisdiction of the former is not at all real for the simple reason that the entire trial of the action and all incidents thereto takes place within the territorial confines of the court to which application for the injunction is made. The fact that the decree may affect property situated or persons residing outside of the territorial limits of the court has no bearing whatever on the competency of the court’s jurisdiction to hear and determine the case as long as the .property or persons affected are within the confines of the State.
District courts are tribunals of general jurisdiction in Louisiana and there can be no doubt that they are vested with jurisdiction over the subject matter in cases for the abatement of nuisances. Hence, since such courts have jurisdiction ratione materiae, the only other inquiry for jurisdictional purposes is ratione personae, or venue, which has been conferred upon all district courts by Act 192 of 1920, as amended.
*1079 But it is said that the statute, by this grant, has contravened an implied constitutional limitation on legislative power (it being conceded that no specific restriction is contained in the Constitution). However, it appears to me that a contrary inference exists — i. e., an inference in recognition of such legislative power — in view of Section 9 of Article 1 of the Constitution which specially fixes the venue of criminal trials in the parish in which the offense was committed — for, if the framers of the •organic law did not intend to give the Legislature a free hand to determine venue in all civil cases, it would seem that they would have included a provision similar to that obtaining in criminal trials.
If the ruling of the majority be correct, the constitutionality of various provisions of Article 165 of the Code of Practice may well be open to serious question inasmuch as that Article provides, in a number of instances, for the trial of cases at a place other than the defendant’s domicile. Thus, actions for trespass may be brought where the damage is done or the trespass is committed — suits on life insurance policies may be filed at the domicile of the deceased or his beneficiary and, in cases of accident insurance, at the domicile of the insured or the parish where the accident occurred or in the parish where the policy was written. And, suits for sick benefits may be brought at the place where the claimant resides at the time of his illness.
An action to abate a nuisance is an equitable proceeding founded on a quasi offense. It is a personal action (aequitas agit in personam) and the place where it may be brought is a matter resting entirely within the control of the Legislature unhampered in its power by constitutional limitation.
I respectfully dissent from the ruling that the statute is unconstitutional.